**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| PATRICK H. WATSON,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C 14-4011-MWB<br>(No. CR 11-4014-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY** |

_____

On February 13, 2014, petitioner Patrick H. Watson filed a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). This case is now before me on the respondent's March 6, 2014, Motion To Dismiss Petitioner's [§ 2255 Motion] (Civ. docket no. 4) on the ground that Watson's § 2255 Motion is untimely.

In an Indictment (Crim. docket no. 3), handed down January 20, 2011, Watson and a co-defendant where charged in Count 1 with conspiracy to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine which contained cocaine base (crack cocaine), after each had been previously convicted of two felony drug offenses, all in violation of 21 U.S.C. §§ 846, 851, and 841(a)(1)(B). In Count 4 of the Indictment, Watson and his co-defendant were charged with distributing and aiding and abetting each other and others to distribute an unspecified quantity of a mixture or substance containing a detectable amount of cocaine which contained cocaine base (crack cocaine), after each had been previously convicted of two felony drug offenses, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, and 18 U.S.C. § 2. In

Counts 5, 6, and 7, the Indictment charged Watson with separate offenses of distributing an unspecified quantity of a mixture or substance containing a detectable amount of cocaine which contained cocaine base (crack cocaine) within 1,000 feet of a public school or playground, after he had been previously convicted of two felony drug offenses, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 860(a). Eventually, on April 27, 2011, Watson pleaded guilty before Chief United States Magistrate Judge Paul A. Zoss, pursuant to a plea agreement, to Counts 1 and 5 of the Indictment, with Counts 4, 6, and 7 to be dismissed at sentencing. *See* Report And Recommendation (Crim. docket no. 59); Plea Hearing Minutes (Crim. docket no. 58). On April 27, 2011, both Watson and the prosecution requested that I accept Watson's guilty plea and waived the time to object to Judge Zoss's Report And Recommendation. *See* Crim. docket nos. 60, 61. In an Order (Crim. docket no. 62), filed April 28, 2011, I accepted Judge Zoss's Report And Recommendation and Watson's guilty plea.

After various delays resulting from Watson's requests for new counsel, I held a sentencing hearing on January 12, 2012, at which I imposed a sentence of 180 months on Count 1, and 12 months on Count 5, to run concurrently. Sentencing Hearing Minutes (Crim. docket no. 169); Judgment (Crim. docket no. 172). Watson filed a *pro se* Notice Of Appeal (Crim. docket no. 181) on January 30, 2012, appealing only his conviction on the conspiracy charge in Count 1. In an unpublished per curiam opinion (Crim. docket no. 198), filed September 4, 2012, the Eighth Circuit Court of Appeals concluded that I did not err by accepting Watson's guilty plea to the conspiracy count, or by finding that he faced a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), and that Watson's sentence was reasonable and was supported by the 18 U.S.C. § 3553(a) factors. Consequently, the Eighth Circuit Court of Appeals affirmed Watson's conviction and sentence. The Mandate (docket no. 200) of the appellate court issued on September 25,

2012. Watson did not file a petition for writ of certiorari by his deadline of December 3, 2012.

On June 21, 2013, however, Watson did send correspondence (Crim. docket no. 202) to the Clerk of Court requesting certain documents from the docket in his criminal proceedings. This was followed, on November 26, 2013, by a *pro se* Motion For An Extension Of Time In Which To File A Habeas Corpus Petition Pursuant To 28 U.S.C. § 2255 (Motion For Extension Of Time) (Crim. docket no. 203). In his Motion For Extension Of Time, Watson raised the following issue: "Whether this court has the inherent discretion to extend the AEDPA one year deadline due to extraordinary circumstances which would prevent timely filing?" Motion For Extension Of Time, 1. In that Motion, Watson also identified the "Proposed Issue To Be Presented" pursuant to § 2255 as follows: "Whether the court's recent views in Newhouse regarding the combination of § 851 and Chapter Four Enhancements render the Petitioner's sentence unreasonable and greater than necessary in violation of § 3553(a)?" *Id*. at 2-3. On January 24, 2014, I entered an Order Regarding Defendant's Motion For Extension Of Time (Crim. docket no. 204), in which I concluded that I could not consider the timeliness of a § 2255 motion until it is actually filed and that only if and when Watson filed a § 2255 motion would I consider and rule on its timeliness.

On February 13, 2014, Watson filed his *pro se* § 2255 Motion (Civ. docket no. 1). In his § 2255 Motion, Watson's second ground for relief appears to be the same as the "Proposed Issue To Be Presented" identified in his Motion For An Extension Of Time. Specifically, that ground for relief states the following: "The combination uses of § 851 prior convictions in unison with a chapter four career offender provision which is triggered by prior convictions also." Petitioner's § 2255 Motion at 5. By Order (Civ. docket no. 3), filed February 13, 2014, I concluded that summary dismissal of Watson's § 2255 Motion was not appropriate; directed the respondent to file either an answer or

3

appropriate motion on or before April 14, 2014; and indicated that, if the respondent filed an answer, I would establish a further briefing schedule.

On March 6, 2014, the respondent filed the Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 4), which is now before me. In that Motion To Dismiss, the respondent argues that Watson's deadline to file a § 2255 motion expired on December 4, 2013, one year after his time to file a petition for writ of certiorari expired, but that Watson's § 2255 Motion was not filed until February 13, 2014, more than two months too late. The respondent argues that Watson's claims that he was in "lock down" beginning August 7, 2013, do not establish the extraordinary circumstances required to equitably toll his deadline for filing his § 2255 Motion. This is so, the respondent argues, because Watson has done nothing to explain what prevented him from filing his § 2255 Motion during the eight months between the date that his time to file began to run and the date that his "lock down" began. Thus, the respondent argues that Watson's § 2255 Motion was filed out of time and must be dismissed.

In an Order (Civ. docket no. 5), filed March 7, 2014, I directed the Clerk of Court to appoint counsel to represent Watson on his § 2255 Motion; directed Watson to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before April 25, 2014; and directed the respondent to file any reply on or before May 16, 2014. After extensions of time to do so, counsel filed Watson's Resistance (Civ. docket no. 13) on June 10, 2014. In his Resistance, Watson does not deny that his deadline to file his § 2255 Motion was December 4, 2013. He argues, however, that I should have construed his November 26, 2013, Motion For Extension Of Time as his § 2255 Motion, because he stated a claim for § 2255 relief in it. He argues that treating his Motion For Extension Of Time as his § 2255 Motion means that his § 2255 Motion was timely filed. Counsel expressly eschews reliance on equitable tolling of Watson's deadline to file his § 2255

4

Motion, because he acknowledges that lack of access to a law library and "lock down" status are not extraordinary circumstances sufficient to equitably toll Watson's deadline to file his § 2255 Motion.

The respondent filed a Reply (Civ. docket no. 14), on June 12, 2014, arguing that I should not construe Watson's Motion For Extension Of Time as a timely § 2255 Motion, because the only claim ostensibly presented in the Motion For Extension Of Time had already been presented and decided adversely to Watson on his direct appeal. Specifically, the respondent argues that the issue of whether or not Watson's sentence was reasonable under the § 3553(a) factors had already been raised and rejected on direct appeal, so that Watson's Motion For Extension Of Time did not contain a cognizable, substantive § 2255 claim. Thus, the respondent reiterates its request that I dismiss Watson's § 2255 Motion in its entirety.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003), including Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a one-year "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, the "limitation period" is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for "failure to state a claim upon which relief can be granted," rather than pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[1] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Watson's § 2255 Motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case,

---

[1] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket and documents filed in the underlying criminal case, from which Watson seeks § 2255 relief, and the documents filed on Watson's direct appeal, because they are "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As amended by the AEDPA, 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify,

vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

Watson does not assert that the "trigger" for the running of the one-year limitations period in his case was anything other than the finality of his conviction pursuant to § 2255(f)(1). Indeed, he acknowledges that his one-year limitations period began to run on December 4, 2012, when he did not file a petition for writ of certiorari, making the decision of the Eighth Circuit Court of Appeals on his direct appeal final. He argues, however, that his Motion For Extension Of Time, filed on November 26, 2013, was filed before his one-year limitations period expired on December 4, 2013, and that his Motion For Extension Of Time should have been construed *as* his § 2255 Motion, because it contained a claim for relief. Watson relies on *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001), and *Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011), in support of this contention.

The relevant part of the *Stewart* decision actually appears to be its citation to *Green* for the proposition, "'Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines [v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam),] to treat that motion as a substantive motion for relief under section 2255.'" *Stewart*, 646 F.3d at 857 n.1 (providing this quotation as a parenthetical explanation for *Green*, 260 F.3d at 83). Although I have found no case in which the Eighth Circuit Court of Appeals has required or suggested that a district court consider whether a motion for an extension of time to file a § 2255 Motion should, itself, be construed or treated as a § 2255 Motion, if it states a sufficient claim for § 2255 relief, other federal courts in this circuit have come to this conclusion. *See, e.g., Howard v. United States*, No. 4:10CV300 CEJ, 2010 WL 1424026, *1 (E.D. Mo. April 9, 2010) (citing *Green*, 260 F.3d at 82); *Meads v. United States*, Civil No. 08–3420–CV–S–RED,

8

2009 WL 900747, *2 n.2 (W.D. Mo. April 1, 2009) (citing *United States v. Two Shields*, No. 1:06-cr-19, 2008 WL 2788423, *1 (D.N.D. July 16, 2008), for the proposition, "For a court to have jurisdiction over a motion for extension of time to file a Section 2255 petition, the motion must be either (i) filed concurrently with or after a 28 U.S.C. § 2255 petition or (ii) be construed as a § 2255 petition itself."); *Two Shields*, 2008 WL 2788423 at *1 (citing *Ramirez v. United States*, 461 F. Supp. 2d 439, 440 (E.D. Va. 2006)); *United States v. Anderson*, Crim. No. 03-426 (RHK/AJB), 2007 WL 2973838, *1 (D. Minn. Oct. 9, 2007) (citing *Green*, 260 F.3d at 83); *see also United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) (explaining that a motion for an extension of time can be decided prior to a formal request for § 2255 relief because the underlying criminal proceeding "satisfies Article III's case or controversy requirement"); *and compare Swichkow v. United States*, ___, F.App'x ___, ___, 2014 WL 1876920, *3 (11th Cir. May 12, 2014) (rejecting *Thomas*, and holding that a motion for extension of time cannot be decided before a § 2255 motion is filed, unless the motion for extension of time states a § 2255 claim for relief).

Yet, even had I considered whether Watson's Motion For Extension Of Time stated a *sufficient* claim for § 2255 relief and should, consequently, have been considered *as* his § 2255 Motion, I would have concluded that it did not do so. As the respondent points out, one "well established principle" of § 2255 law is that "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). On direct appeal, Watson argued in his *pro se* Supplemental Brief (Appellate docket Entry ID: 3917305), 32, that the interaction of his § 851 enhancement and Chapter Four enhancements pursuant to the Sentencing Guidelines made his sentence unreasonable under § 3553(a), and the Eighth Circuit Court

9

of Appeals plainly rejected any contention that Watson's sentence was unreasonable in light of the § 3553(a) factors, Opinion (Crim. docket no. 198) at 2. Watson's assertion in his Motion For Extension Of Time that this claim would be presented as a § 2255 claim falls well short of demonstrating the "miscarriage of justice" that might create an exception to the rule that a claim decided on direct appeal cannot be relitigated in § 2255 proceedings. *See Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)).

Because Watson's Motion For Extension Of Time did not state a *sufficient* claim for § 2255 relief, I did not improperly fail to construe it *as* Watson's § 2255 Motion. Because Watson's Motion For Extension Of Time was *not* a § 2255 Motion, Watson did not file any *timely* § 2255 Motion. Watson does not argue, and I do not find, any grounds for equitably tolling his one-year limitations period. *See Muhammad*, 735 F.3d at 815 (summarizing the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion as "'(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010)); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying the same rule to § 2255 motions). Thus, Watson's § 2255 Motion was filed two months too late and must be dismissed as untimely.

Finally, I conclude that Watson has failed to make a substantial showing that the untimeliness of his § 2255 Motion is debatable among reasonable jurists, that a court could resolve this issue differently, or that this question deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's March 6, 2014, Motion To Dismiss Petitioner's [§ 2255 Motion] (Civ. docket no. 4) is **granted**;

2. This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f);

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 26th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA